Per Curiam.

This is a holdover summary proceeding. Respondent, a religious corporation, rented an apartment in a multiple dwelling and agreed in the lease that it was to be used as “ oEces for the Society * * * and for no other purpose.” Respondent alleged that the subject apartment was controlled under the New York City Rent, Eviction and Rehabilitation Regulations, and counterclaimed for $10,000 as treble damages for rent overcharges.
The trial court found that the respondent was a nonprofit religious organization that was exempt from rent control under section 2 (subd. f, par. [2]) of the rent regulations (exempting charitable and educational institutions from rent control); that the respondent voluntarily entered into the lease; that it was executed by both parties in good faith and without any intent to evade the regulations; that the respondent occupied and utilized the demised premises solely and wholly as oEces to conduct its business as an unincorporated association for religious purposes, and there was no proof of fraud. (The parties concede that respondent is a religious corporation organized under the laws of the State of New York.)
The trial court granted petitioner final judgment of possession and dismissed the counterclaim.
Respondent’s defense and counterclaim hinge on section 13 of the Rent, Eviction and Rehabilitation Regulations, reading:
“ Section 13. Commercial or Professional renting of controlled housing accommodations on or after May 1.1955. Any housing accommoelation subject to these Regulations which, on or after May 1, 1955, was or may be rented for commercial or professional use shall continue to be subject to control, unless the State Rent Commission issued an order exempting them from *762 control during the period of occupancy by the tenant or an order is issued by the Administrator exempting the housing accommodation from these Regulations during the period of occupancy by the tenant. Such order shall be issued by the Administrator where he finds that the renting complies with the requirements of law and of City agencies having jurisdiction and was made in good faith without any intent to evade the Rent Law or these Regulations and shall be effective as of the date of the commercial or professional renting or May 1, 1962, whichever date is later. ” (Emphasis supplied.)
Respondent corporation does not come within the purview of the above regulation.
“Housing accommodation” is defined in subdivision e of section 2 of the regulations in relevant part as “ any building or structure, permanent or temporary, or any part thereof, occupied or intended to be occupied, by one or more individuals as a residence, home, sleeping place, boarding house, lodging house or hotel ”. (Emphasis supplied.)
If section 13 was to cover a corporation in the circumstances herein, then it would have 'been simple to do so by substituting “ person ” for “individual” in the definition of “ housing accommodation”.
Subdivision j of section 2 of the rent regulations defines “person” as “an individual, corporation, partnership, association, or any other organized group of individuals or the legal successor or representative of any of the foregoing.” (Emphasis supplied.)
This, is not to say that the corporation could "not be a housing tenant. Housing accommodations may be leased to a corporation for residential purposes for its officers, employees, customers, etc.
However, this is different when the respondent seeks to invoke section 13 to make it a housing tenant of an accommodation whereby the express terms of its lease, the subject premises was to be used as “ offices for the society # * * and for no other purpose.”
The dissenting opinion does not refer to the rent regulations’ definition of “ Housing accommodations.”
It must be observed that the local court made a finding that the lease was made in good faith and without any intent to evade the rent regulations and that the respondent occupied the demised premises solely and wholly for offices to conduct business.
*763 The interpretation of section 13 is consistent with the holding in Matter of Colin v. Altman (39 A D 2d 200 [1st Dept.]).
The final judgment should be affirmed with $25 costs.